Cornetta, Robert A., J.
The plaintiff and defendant, Continental Indemnity Company, Applied Underwriters, Inc. (hereinafter “Continental”), have now been heard upon cross motions seeking summary judgment. The defendant, Neighborhood Health Plan has been previously dismissed from this action and the defendant, Raphael Martinez has not participated in the parties’ cross motions.
Parties are entitled to summary judgment pursuant to Mass.R.Civ.P. 56 upon a determination after hearing, taking the evidence in a light most favorable to the non-moving party, that there are no genuine issues of material fact to present to a fact finder for determination at trial.
The plaintiff in this case filed a four (4)-count complaint against Continental, alleging breach of contract, promissory estoppel, quantum meruit and violation of G.L.c. 93A and G.L.c. 176D.
For reasons set out infra, the motion of Continental shall be ALLOWED and that of the plaintiff, shall be DENIED.
The plaintiff seeks to maintain an action in contract versus Continental, claiming a breach. As a basis for that claim, the plaintiff points to its form captioned: “Workers’ Compensation In-Patient Pre-Admission Authorization!' executed by Continental’s agent on August 26, 2011. (See Plaintiffs Exhibit 1, tab 25.)
The defendant, Continental is a workers’ compensation insurer, regulated within this commonwealth by statute. (See: G.L.c. 152, §1 et seq.).
The nature of the parties’ business transaction in the case clearly involves issues of a workers’ compensation claim involving the defendant, Raphael Martinez.
The crux of the underlying claim is that Mr. Martinez was admitted to Holy Family Hospital in Methuen, Massachusetts on August 18, 2011 with what was originally believed to be an on-the-j ob injury. In point of fact, Mr. Martinez was suffering from a MRSA infection which was not caused by an industrial accident.
He was initially treated at Holy Family Hospital and was then transferred to the plaintiffs rehabilitation facility. As part of the transfer procedure, Continental endorsed the plaintiffs pre-admission authorization *349 form as described supra. The plaintiff then rendered rehabilitation services to Mr. Martinez. The cost of those services amounted to almost fifty thousand ($50,000.00) dollars.
Upon learning that Mr. Martinez’s condition was not work-related, Continental undertook those steps prescribed by statute and agency regulations to terminate the claim. The plaintiff has thus not received payment from Continental for Mr. Martinez’s treatment.
The plaintiff now argues that since Continental endorsed the pre-admission authorization form, it has obligated itself contractually to pay for Mr. Martinez’s treatment.
As a matter of law, since Continental is a state regulated workers’ compensation carrier, the plaintiffs pre-admission authorization binds Continental if, and only if the injury turns out to be job-related.
Since it is clear that both the plaintiff and Continental were operating within the sphere of the Massachusetts workers’ compensation statute, Continental rightly argues that legally it cannot pay a claim that does not arise as a result of an on-the-job injury.
Continental, under the facts in this case, lacks capacity to contract with the plaintiff to honor a non-work-related claim. Thus, there has been no contract breach.
The plaintiff next claims promissory estoppel as a grounds for relief from Continental. The issue here is whether or not as a matter of law, Continental can be held liable upon the basis of its promise to pay the plaintiff and the plaintiffs reasonable reliance upon the same.
Again, since Continental as a regulated workers’ compensation insurer can only honor claims associated with on-the-job injuries, it could not promise to pay a claim which fell outside of its statutory obligations. Further, since the form it signed was the plaintiffs, demonstrating that the plaintiff routinely dealt with patients within the workers’ compensation field, the plaintiff cannot now be seen to have reasonably relied upon a premise that Continental would honor a non-work-related injury claim.
The plaintiff finally seeks recovery from Continental upon a theory of quantum meruit. Thus, the plaintiff s claim here must be viewed upon a question of whether or not there was an implied promise to pay made by Continental.
The plaintiffs pre-admission authorization clearly relies upon workers’ compensation law throughout in its language and, expressly contemplates that if payment is not received from the insurer that the plaintiff will seek redress by way of a lien perfected with the Industrial Accident Board upon the employee’s case.
Here, the plaintiff proceeded with its claim at the Industrial Accident Board (IAB) after the insurance carrier denied the claim. The plaintiffs IAB claim was denied by that agency after hearing, upon a finding that Mr. Martinez’s injury was not work-related. The plaintiff filed an appeal of that denial and thereafter withdrew the same in favor of this action, seeking contract claims’ relief.
There could be no unconditional implied promise to pay. When Continental endorsed the form, it did so with both parties having full knowledge based upon the documents language that any denial of claim would result in an IAB lien and claim being sought by the plaintiff. Since the plaintiff drafted the form, any ambiguity in its language will be charged against the drafter (citations omitted).
Simply stated, by endorsing the plaintiffs form, Continental, as Mr. Martinez’s workers’ compensation insurer promised to pay the usual and customary IAB allowance for medical services provided that the treatment was necessary as a result of an on-the-job injury. There could be no other promise made by Continental which the plaintiff could reasonably rely upon as a matter of law.
ORDER
After hearing and full consideration of the parties’ oral presentations and submissions, ruling is now entered that there are no genuine issues of material fact within the meaning of Rule 56 to present to a finder of fact with regard to BRN Corporation, d/b/a Whittier Rehabilitation Hospital-Bradford’s claims against the defendant Continental. Accordingly, the plaintiffs summary judgment motion is denied and, the defendant’s cross motion for summary judgment is allowed.
The plaintiffs claims versus Continental are now ordered dismissed, with prejudice and the same is now ordered docketed by the Clerk Magistrate and notice shall be provided to the parties accordingly.
The plaintiffs remaining claims against the remaining defendant, Raphael Martinez shall now proceed and the parties shall appear for final pre-trial conference and to set a trial date on February 20, 2014 at 2:00 p.m. The Clerk Magistrate shall now provide notice to the parties accordingly.